THRASH LEASE TRUST, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 82904.   Promulgated August 10, 1937.

A. *Calder Mackay, Esq.*, for the petitioner.
*Edward A. Tonjes, Esq.*, for the respondent.

OPINION.

STERNHAGEN: After the filing of fiduciary returns as a trust, the Commissioner determined that the petitioner was an association

within section 1111 (a) (2) of the Revenue Act of 1932, taxable as if it were a corporation. The petition is filed in the name of Thrash Lease Trust, the name to which the deficiency notice is addressed, and alleges that it received the deficiency notice; files the petition "to protect its rights", but "does not admit that it is a taxable entity"; that Gordon Macmillan acquired the Thrash lease; that "petitioner at no time has had any form of organization", at no time has been engaged in business as an association. All of these allegations are denied.

It is difficult now to know what the position is as to the identity or nature of the taxpayer under the revenue act. Not only is the existence of petitioner seemingly denied, but also the fiduciary returns are repudiated. Both Herbert R. Macmillan, while a witness, and petitioner's counsel assert that there was no trust; and from this petitioner's counsel argues that there is no foundation for recognizing a statutory "association." Who is to be regarded as the taxpayer in respect of the undisputed income or what his or its character is under the tax law, the petitioner does not say. It is suggested that a tenancy in common existed and its taxable character as a partnership is intimated.

Although, from the evidence, the organization is amorphous indeed, there is little doubt that there was an organization of individuals holding transferable shares in a common business enterprise managed by one or two of their number, who distributed the profits proportionately with interests. This is enough to give prima facie substance to the Commissioner's treatment of it as an association, *Morrissey* v. *Commissioner*, 296 U. S. 344; *Helvering* v. *Combs*, 296 U. S. 365; *Helvering* v. *Coleman-Gilbert Associates*, 296 U. S. 369; *Swanson* v. *Commissioner*, 296 U. S. 362; *Bert* v. *Helvering*, 92 Fed. (2d) 491, and to require an affirmative showing by the petitioner of attributes and circumstances indicating a different taxable character under the revenue statute. No such showing is in this record, and the determination must stand.

*Judgment will be entered for the respondent.*